CITY OF COLUMBUS, Appellant,

v.

GUAY, Appellee.

CITY OF COLUMBUS, Appellant,

v.

GUAY & ASSOCIATES, Appellee.

[Cite as *Columbus v. Guay* (1989), 62 Ohio App.3d 615.]

Court of Appeals of Ohio,
Franklin County.

Nos. 88AP–824, 88AP–825.

Decided Sept. 7, 1989.

*Ronald J. O'Brien,* City Attorney, *James Fais,* City Prosecutor, and *Thomas K. Lindsey,* for appellant.

*Schottenstein, Zox & Dunn, James M.L. Ferber, Curtis F. Gantz* and *David A. Kadela,* for appellees.

BOWMAN, Judge.

In February 1987, Hi–State Beverage Company retained appellees, John Guay and Guay & Associates, to serve as consultants to Hi–State in labor relations matters. Specifically, appellees were retained to advise Hi–State on day-to-day employee and labor relations matters, to coordinate collective bargaining negotiations between Hi–State and Teamsters Local Union No. 284, to assist Hi–State's legal counsel, to prepare Hi–State's facility for a possible strike, and to coordinate Hi–State's security during a strike.

Hi–State and the union were parties to a collective bargaining agreement which expired on May 31, 1987. On April 2, 1987, the parties commenced

bargaining in an effort to negotiate a new contract. After the initial meeting, two more sessions were held, and on May 11, the parties had reached a lawful impasse in negotiations. The final bargaining session occurred on May 28, 1987, at which time Hi–State reiterated its final offer to the union, and union representative Bud Benack informed Hi–State that after union members voted on the proposal, he would notify Hi–State of the results. Although Hi–State was not notified of the result of the vote, around midnight on May 31, 1987, members of the union set up a picket line at Hi–State's facility. Thereafter, none of the employees who were union members reported for work.

Prior to the expiration of the contract with the union, Hi–State had decided to continue operating if a strike occurred, so it advertised for, interviewed and screened prospective employees to be hired as permanent strike replacements in the event of a strike. Appellees assisted Hi–State in its endeavor by handing out employment applications and prescreening applicants. The actual interviewing and hiring of potential strike replacements were done by Hi–State, not appellees; however, it did not begin doing so until after the May 11 negotiating session, and no new employees started work until after the union began its strike at midnight on May 31.

On October 30, 1987, Benack, as a representative of the union, filed charges with the Columbus Employment Practices Board alleging that appellees violated Columbus City Code Section 2329.04(F)(3) by assisting Hi–State in securing replacement employees during the union's strike against the company. After several hearings, the board found that there was reasonable cause to believe the charges were true. Based on that decision, appellant, the city of Columbus, brought criminal complaints against appellees in the Franklin County Municipal Court charging them with violations of Columbus City Code Section 2329.04(F)(3).

On February 12, 1988, appellees moved to dismiss the complaints on the grounds that: (1) Columbus City Code Section 2329.04 was preempted by the National Labor Relations Act; (2) appellees did not fit into the category of those persons whose conduct was proscribed by Columbus City Code Section 2329.04(F)(3); and (3) Columbus City Code Section 2329.04 was void for vagueness, overbroad, and unconstitutional. On August 30, 1988, the trial court entered judgment dismissing the complaints against appellees on the basis that Columbus City Code Section 2329.04(F)(3) was unconstitutional because it was preempted by federal labor law and because the ordinance was void for vagueness. Appellant now brings this appeal and asserts the following assignment of error:

"The trial court erred in finding Section 2329.04(F)(3), Columbus City Codes, unconstitutional and dismissing the complaints."

This case concerns the constitutionality of Columbus City Code Section 2329.04(F), which states in part:

"No person, firm, or corporation shall knowingly do any of the following:

" * * *

"(3) For any person, firm, or corporation, not directly involved in a labor strike or lockout, to recruit any person or persons for employment, or to secure or offer to secure for any person or persons any employment, when the purpose of such recruiting, securing, or offering to secure, employment is to have such persons take the place in employment of employees involved in a labor strike or lockout."

This court finds that the trial court did not err in its determination that Columbus City Code Section 2329.04(F) is unconstitutional since it is preempted by federal law. The National Labor Relations Act does not deprive an employer of the right to hire replacements for its striking employees since an employer has the right to protect and continue its business. *National Labor Relations Bd. v. MacKay Radio & Telegraph Co.* (1938), 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381. It is a fundamental right of an employer to continue his business in the face of a strike. *Belknap, Inc. v. Hale* (1983), 463 U.S. 491, 103 S.Ct. 3172, 77 L.Ed.2d 798.

Appellant concedes that, under federal law, Hi–State has the right to seek replacement workers; however, appellant asserts that the local interest exception to the preemption doctrine excludes the ordinance from preemption since the purpose behind the ordinance was to protect the public health, safety and welfare during labor disputes. Appellant asserts that Columbus City Code Section 2329.04 was enacted in response to labor disputes which had resulted in actual or threatened violence where strikebreakers had been imported to break the union, and where outsiders who were not directly involved in the labor dispute were used to recruit strikebreakers and replacement workers. Thus, the ordinance addressed a matter of local concern.

The local interest exception removes an ordinance from federal preemption if the local law regulates conduct which touches interests that concern the protection of the public and which are deeply rooted in local feeling and responsibility. *San Diego Bldg. Trades Council v. Garmon* (1959), 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775. However, the local interest exception only applies to local laws proscribing actual violence, threats of violence, or mass picketing. It does not apply where there is merely a potential for violence. *Garner, Central Storage Co. v. Teamsters* (1953), 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228.

■ If Columbus City Code Section 2329.04(F) is accepted for the purpose of preventing violence, then it must be assumed that if the activities which the statute attempts to control occurred, then violence would result. This court finds that there is nothing in the record to support such a conclusion. It is significant that nowhere in Columbus City Code Section 2329.04 is there any language which mentions any actual violence or threat of violence to any persons or property. The statute only deals with the prohibition of, or the manner in which, an employer may hire replacement workers. Consequently, the statute on its face does not contain any language which seeks to regulate violence or any threat of violence. The city code section merely assumes that hiring or recruiting persons to work in place of striking employees, whether or not those hired are "professional strikebreakers," would precipitate violence. Thus, this court finds that the local interest exception is not applicable herein and does not aid the Columbus City Code Section in withstanding preemption.

Based on the foregoing, this court finds that the trial court did not err in its determination that Columbus City Code Section 2329.04(F)(3) was unconstitutional because it was preempted by federal law. Having found that the ordinance is unconstitutional, this court need not address appellant's argument that the ordinance is also void for vagueness. Appellant's assignment of error is not well taken and is hereby overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and BRYANT, JJ., concur.